UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| THOMAS HARRY FINLEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 17-27-DCR |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Thomas Harry Finley is currently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Finley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] For the reasons set forth below, the petition will be denied and this action dismissed from the Court's docket.

In 2011, a federal grand jury indicted Finley, charging him with conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841 and 846. Finley pled guilty to the charge pursuant to a written plea agreement, and the trial court ultimately sentenced him to 262 months in prison. *See United States v. Finley*, No. 1: 11-cr-00111-LRR-1 (N.D. Iowa 2011). Finley filed a direct appeal, but the United States Court of Appeals for the Eighth Circuit dismissed the appeal because Finley's plea agreement contained a valid appellate waiver. *See United States v. Finley*, No. 12-2396 (8th Cir. 2013). Finley then filed a motion to vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2255. The United States District Court for the Northern District of Iowa, denied that motion. The court emphasized that Finley had waived all post-conviction claims except those based on ineffective assistance of counsel or an alleged unconstitutional sentence. It further determined that Finley's trial attorney did not provide ineffective assistance and that Finley's sentence was constitutional. *See Finley v. United States*, No. 1:14-cv-047-LRR (N.D. Iowa 2015). The Eighth Circuit then denied Finley a Certificate of Appealability. *See Finley v. United States*, No. 15-2362 (8th Cir. 2016).

Finley has now filed a § 2241 petition with this Court. While Finley's petition is difficult to understand, he appears to be challenging the validity of his underlying conviction and sentence, and he is relying principally on the Supreme Court's decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015). Finley suggests that, in light of *McFadden*, his guilty plea was not voluntary and his sentence was improper.

As an initial matter, it appears that the waiver provisions in Finley's plea agreement bar him from collaterally attacking his conviction or sentence. While this Court does not have access to Finley's plea agreement because it was filed under seal, the Northern District of Iowa has said that Finley "waived all post-conviction claims except those based on ineffective assistance of counsel or an unconstitutional sentence." *See Finley v. United States*, No. 1:14-cv-047-LRR (N.D. Iowa 2015) at Record No. 13 at 3. This waiver would preclude the assertion of the arguments that Finley seeks to pursue in this case. After all, such waivers are generally enforceable in habeas proceedings under § 2241. *See, e.g., Solis-Caceres v. Sepanek*, No. 13-021-HRW, 2013 WL 4017119, at *3 (E.D. Ky. 2013) (discussing how a plea waiver can preclude a defendant from collaterally attacking his

sentence through a § 2241 petition and then citing various cases to support that proposition).

Setting that issue aside, Finley's § 2241 petition is also an impermissible collateral attack on his conviction and sentence. That is because while a federal prisoner may challenge the legality of his conviction or sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). Instead, it is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Finley cannot use his § 2241 petition as a way of collaterally challenging his conviction and sentence.

Finley nevertheless argues that he *can* attack his conviction and sentence in his § 2241 petition by citing and discussing § 2255(e)'s savings clause. [Record No. 1-1 at 3-4]. That argument, however, is off base. Although the Sixth Circuit has recognized that "the so-called 'savings clause provides that if section 2255 is inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted). However, the Sixth Circuit has further explained that "[i]nvocation of the savings clause is restricted to cases where prisoners can

show 'an intervening change in the law that establishes their actual innocence.'" *Id.* (quoting *Peterman*, 249 F.3d at 462). In subsequent cases, the Sixth Circuit has explained how a prisoner can rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or even challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Finley argues that the Supreme Court's 2015 decision in *McFadden* is the "intervening change in the law [that] establishes his actual innocence" and also proves that his sentence was "illegal." [Record No. 1 at 10-11]. But it is not clear from Finley's petition how *McFadden* is even relevant to his case, let alone prove that he is innocent or was somehow sentenced improperly. After all, *McFadden* "concern[ed] the knowledge necessary for conviction under [21 U.S.C.] § 841(a)(1) when the controlled substance at issue is in fact an analogue"—a substance that is not listed on the federal drug schedules, like the bath salts at issue in that case. *McFadden*, 135 S. Ct. at 2302.

Finley, on the other hand, pled guilty to conspiracy to distribute 100 grams or more of heroin, which is specifically listed on the federal drug schedules. *See* 21 C.F.R. § 1308.11(c)(11). Plus, when the trial court denied Finley's § 2255 motion, it noted that when he pled guilty, he specifically acknowledged that he understood all of the elements of the charge against him and that he possessed with the intent to distribute 100 grams or more of heroin. *See Finley v. United States*, No. 1:14-cv-047-LRR (N.D. Iowa 2015) at Record No. 13 at 5. Thus, Finley's case is clearly distinguishable from *McFadden* and, as a result, there is no merit to his argument regarding § 2255(e)'s savings clause. Accordingly, it is hereby

**ORDERED** as follows:

1. Finley's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 21st day of July, 2017.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge